# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA MIGLIORI, FRANCIS J. FOX, RICHARD E. RICHARDS, KENNETH RINGER, and SERGIO RIVAS, | ) ) ) ) Civ. No. 2:22-cv-00397 |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| LEHIGH COUNTY BOARD OF ELECTIONS, | ) ) ) ) |
| Defendant. | ) ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND/OR PRELIMINARY INJUNCTION

1.      Plaintiffs hereby move, pursuant to Federal Rule of Civil Procedure 65, for entry of a Temporary Restraining Order to, initially, enjoin Defendant Lehigh County Board of Elections from certifying the results of the November 2, 2021, election, which is scheduled to occur at 9:00 a.m. on Tuesday, February 1, 2022; and thereafter to enjoin, preliminarily and permanently thereafter, the disqualification of the undated but otherwise valid mail-in ballots cast by the 5 Plaintiffs and the other 252 similarly situated Lehigh County voters, and to direct their inclusion in the tabulation of election results.

2.      Plaintiffs incorporate by reference the facts alleged in the Verified Complaint.

3.       Plaintiffs also incorporate by reference the legal arguments contained in the Memorandum in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

4.	Plaintiffs have satisfied the four-part test for granting a temporary restraining order and preliminary injunction. As set forth in the accompanying legal memorandum,

   a.	Plaintiffs are likely to succeed on the merits of their claims under the Materiality Provision of the Civil Rights Act, 52 U.S.C. § 10101(a)(2)(B), and under the First and Fourteenth Amendments to the U.S. Constitution;

   b.	Plaintiffs will suffer irreparable harm unless the requested injunctive relief is granted;

   c.	The government has no legally cognizable interest in suppressing the exercise of constitutional rights. Accordingly, no harm to Defendant would result from granting the requested injunctive relief; and

   d.	Granting the requested injunctive relief is in the public interest.

5.	Defendant Lehigh County Board of Elections is scheduled to meet to tabulate votes and certify results from the November 2, 2021, election at 9:00 a.m. on Tuesday, February 1, 2022. *See* Ex. 11 to Compl. Absent a temporary restraining order to enjoin that action, Plaintiffs' claims will be moot and they will suffer irreparable harm, i.e., denial of their fundamental constitutional right to vote. The postponement is necessary only for so long as it takes this Court to resolve the underlying legal dispute, which Plaintiffs' press on a preliminary injunction basis.

6.	Thereafter, Plaintiffs seek a preliminary injunction enjoining Defendant Lehigh County Board of Elections from tabulating and certifying the November 2, 2021, election results without counting the ballots submitted by Plaintiffs, and the other 252 similarly-situated voters who submitted undated mail ballots.

7.      Plaintiffs, through undersigned counsel, gave notice of this action and motion for temporary restraining order to Deputy County Solicitor responsible for the Elections Bureau, Sarah Murray, on Monday morning, January 31, 2022. All court documents filed today have been emailed to her separately.

8.      Plaintiffs respectfully request that the Court immediately schedule a hearing and issue a temporary restraining order enjoining the Defendant Elections Board from tabulating and certifying the results of the November 2, 2021, election until further order of this Court.

9.      Because this is a non-commercial case involving a relatively small amount of money, and because the balance of hardships favors the Plaintiff, the security bond requirement in Federal Rule of Civil Procedure 65(c) should be waived. *B.H. v. Easton Area Sch. Dist.*, 827 F. Supp. 2d 392, 409 (E.D. Pa. 2011) (citing *Elliott v. Kiesewetter*, 98 F.3d 47, 59–60 (3d Cir. 1996)).

    WHEREFORE, Plaintiffs respectfully request that this Court enter a Temporary Restraining Order to, initially, enjoin Defendant Lehigh County Board of Elections from certifying the results of the November 2, 2021, election, which is scheduled to occur at 9:00 a.m. on Tuesday, February 1, 2022; and thereafter to enjoin, preliminarily and permanently thereafter, the disqualification of the undated but otherwise valid mail ballots cast by the 5 Plaintiffs and the other 252 similarly situated Lehigh County voters and direct their inclusion in the tabulation of election results.

                                                            Respectfully submitted,

Dated: January 31, 2022                                     /s/ Witold Walczak
                                                            Witold Walczak (No. 62976)

Richard Ting  (No. 200438)
ACLU OF PENNSYLVANIA
P.O. Box 23058
Pittsburgh, PA 15222
P: 412-681-7864
vwalczak@aclupa.org
rting@aclupa.org

Stephen A. Loney, Jr.  (No. 202535)
Marian K. Schneider (No. 50337)
ACLU OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
P: 215-592-1513
sloney@aclupa.org
mschneider@aclupa.org

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

      I, Witold Walczak, hereby certify that on this 31st day of January, 2022, I emailed a copy of the Verified Complaint, the above Motion for Temporary Restraining Order and Preliminary Injunction, and Supporting Memorandum of Law to Defendant Lehigh County Board of Elections' attorney as follows:

      Sarah Murray, Deputy Lehigh County Solicitor
      SarahMurray@lehighcounty.org

      /s/  Witold Walczak